REINHARDT, Circuit Judge,
concurring:
I agree that we are likely required to deny Tara Williams’s habeas petition. I write to provide the parties, to the extent possible, an explanation of why we hold that our authority to address this question has been foreclosed by the Supreme Court.
The Supreme Court’s opinion, on its face, creates substantial uncertainty as to this court’s duty on receiving the mandate on remand, and specifically whether it remains open for us to decide Williams’s petition under the restrictive AEDPA standard of review — in short, to answer the question whether her conviction violated the Constitution. At the end of the introduction to the Supreme Court’s opinion, it states that Williams’s federal constitutional claim had been adjudicated on the merits in the state court, and therefore that the restrictive AEDPA standard of review applies to her habeas petition. It goes further, however, and states without explanation “that under that standard respondent is not entitled to habeas relief.” Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1091-92, 185 L.Ed.2d 105 (2013).
The last sentence of the introduction is the only mention in the entire opinion of whether or not Williams is entitled to ha-beas relief — that is, whether her conviction was unconstitutional. There is no discussion elsewhere as to why Williams does not merit such relief under AEDPA, and specifically whether the trial judge’s actions in dismissing the lone holdout juror at Williams’s trial violated the Sixth Amendment, or whether the trial judge made a clearly erroneous determination when he found that the juror was biased. But for the one sentence in the introduction, it *1213 would be fully consistent with the Court’s opinion for us to address on remand the merits of Williams’s claim under AEDPA’s deferential standard of review, or, in other words, to determine whether she was entitled to relief under AEDPA — the question that the Court failed to discuss in the body of its opinion.
Notably, the conclusion to the Court’s opinion omits any suggestion that our consideration of this question should be foreclosed. It states, “We think it exceedingly unlikely that the California Court of Appeal overlooked Williams’s federal claim, and the Ninth Circuit’s judgment to the contrary is reversed. The case is remanded for further proceedings consistent with this opinion.” Id. at 1099. It is particularly difficult to reconcile the introduction and the conclusion because if, as the introduction states, Williams “is not entitled to habeas relief,” then, contrary to the direction in the conclusion, there would appear to be no “further proceedings” possible.[1]
Our duty on remand is even more unclear when the procedural context of the Court’s opinion is considered. Our opinion had adjudicated Williams’s petition for review under a de novo standard; we therefore had not considered the merits of Williams’s habeas claim under the more restrictive AEDPA standard of review. The state’s petition for certiorari had asked the Court to evaluate the merits, but the Court specifically declined to grant certiorari as to that question and thus limited its grant of certiorari to the question of the applicable standard of review— a fact that the Court itself noted in its opinion. Id. at 1094. The parties did not brief the merits of the case before the Court; specifically, they did not brief the appropriate result under the deferential AEDPA standard. Further, at oral argument, the Court deliberately declined to hear any discussion of the merits of Williams’s case. When the topic arose, Justice Kennedy stated that the Court “probably shouldn’t go there.” Tr. of Oral Arg. at 19.[2]
Williams recognized the problem we discuss above, and asked the Court in a petition for rehearing to “clarify[ ] that on remand, she can continue to pursue habeas relief based on alternative grounds that the Ninth Circuit did not reach below, and on which th[e] Court declined to grant certiorari.” In short, no party briefed, and the Court never considered, whether the trial court’s error would survive the restrictive AEDPA standard of review. A1 the Court held was that AEDPA was the correct standard. Nevertheless, the Court refused to grant Williams’s petition for rehearing, denying it without comment.
We are, of course, required to follow the mandate of the Supreme Court. We are also required to assume that the Court meant what it said in the introduction to its opinion, in which it appears to have denied Williams’s habeas claim, and that it fully considered the petition for rehearing when it refused to reconsider its decision. Given the introduction to the Court’s opinion, and particularly its denial of the petition for rehearing, I believe that we have no option but to conclude that the Court has deliberately precluded us from *1214 considering the merits of Williams’s habe-as petition under AEDPA. Accordingly, uncomfortable as I, am with that result, I respectfully join my colleagues in denying Williams’s petition.

. It is correct, however, that our judgment, relying on our holding that the state court did not decide the federal question, should, as the Court states, be reversed, in light of the Court's holding.

. Several justices stated that they found the trial judge’s treatment of the case “very troublesome” or leaving them "deeply troubled.” Tr. of Oral Arg. at 18-19, 21. I strongly share their view that the trial judge's actions abrogated a central tenet of the right to a trial by jury — the inviolate secrecy of jury deliberations — and deprived Williams of the fair trial to which she was entitled.